UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.     LA CV 13-03116-VBF-SS          Dated:       February 11, 2014

Title:       ***Anthony W. Rector and Tammy Thomas v. Los Angeles County Sheriff John
             L. Scott[1], L.A. County Sheriff's Office, Officer Morga, and Special
             Assignment Officer Dennis Elmore, Defendants[2]***

PRESENT:     HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

             Linda Kanter                          N/A
             Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR APPELLANT          ATTORNEYS PRESENT FOR APPELLEES

---

[1]

Lee Baca retired as L.A. County Sheriff effective January 31, 2014.  *See* Faturechi, Leonard & Mather, "Sheriff Lee Baca to Retire at End of Month" (L.A. Times, Jan. 7, 2014), available at http://www.latimes.com/local/lanow/la-me-ln-baca-20140107,0,2601673.story#axzz2sTdsdTnZ, *retrieved* Feb. 5, 2014.  John L. Scott is now the interim sheriff.  *See* Sewell & Faturechi, "New L.A. County Interim Sheriff Vows to Continue Department Reforms" (L.A. Times, Jan. 28, 2014),*retrieved* Feb. 5, 2014 at http://www.latimes.com/local/lanow/la-me-ln-baca-20140107,0,2601673.story#axzz2sTdsdTnZ.

Accordingly, the Court has substituted Scott for Baca.  *See Mockler v. Multnomah County*, 140 F.3d 808, 811 n.2 (9th Cir. 1998) ("After Sheriff Skipper retired, Deputy Mockler substituted . . . the new Sheriff, in her suit under Rule 25 of the Federal Rules of Civil Procedure, which provides: 'when a public officer is a party to an action in an official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and the party's successor is automatically substituted as a party.'").

[2]

The case started with 17 defendants.  On December 30, 2013, the Court dismissed the complaint as to Lyle Mackenzie in his capacity as a judge, on the ground of absolute judicial immunity.  Today's disposition dismisses twelve defendants for lack of jurisdiction.  This leaves four defendants:  the L.A. County Sheriff and L.A. County Sheriff's Office (joint answer, Doc 21) and officers Morga and Elmore (joint answer, Doc 25).

MINUTES FORM 90                               Initials of Deputy Clerk ____Lk____
CIVIL - GEN

|  |  |
|---|---|
| N/A | N/A |

| **PROCEEDINGS (IN CHAMBERS):** | **ORDER** | **(1)** | Adopting the R&R in Part; |
|---|---|---|---|
|  |  | **(2)** | Declining to Adopt the R&R in Part; |
|  |  | **(3)** | Dismissing 12 Unserved Defendants Without Prejudice for Lack of Jurisdiction |

      This is a civil-rights action under 42 U.S.C. § 1983. Of the sixteen remaining defendants, four have filed an answer and the other twelve have not filed anything or noticed an appearance in the case. The Magistrate Judge has issued a well-reasoned Report & Recommendation ("R&R") recommending that the complaint be dismissed as to twelve defendants for lack of personal jurisdiction due to plaintiffs' failure to show valid service of process. Objections were due on January 10, 2014, and none were filed. For reasons that follow, the Court will dismiss the twelve non-answering defendants as recommended. The Court will decline to adopt three portions of the R&R: page 7 line 22 through page 8 line 4 (comment about *pro se* status as possible basis for finding of excusable neglect); the sentence beginning with "In addition, even if they had" on R&R page 13 line 7 and ending with the *Board of Trustees* citation on page 13 line 12 (after determining that plaintiffs failed to satisfy one requirement for California substituted service, discussion of whether plaintiffs satisfied other requirements of such service); page 17 lines 1 through 22 (dictum as to whether the plaintiffs might have been able to demonstrate good cause or excusable neglect if they had tried to do so). As to the four answering defendants, the Court will demonstrate that Fed. R. Civ. P. 12(b), not only Fed. R. Civ. P. 12(h)(1), leads to the determination that they have waived any insufficient-service or insufficient-process defense they might have had.

<u>ANALYSIS: THE FOUR ANSWERING DEFENDANTS HAVE WAIVED ANY SERVICE DEFENSE</u>

      Plaintiffs filed the complaint in May 2013, served some of the defendants in June 2013, and four defendants filed answers in July 2013. As the Magistrate notes, plaintiffs have filed proofs of service for only three of the four answering defendants (the L.A. County Sheriff's Department, the L.A. County sheriff, and Elmore), not the fourth (Morga). Nonetheless, the Magistrate is right that neither Morga nor the other answering defendants can assert that service was deficient. The Court differs from the Magistrate in one respect, however, as to the rationale for finding waiver of service-based defenses. The Magistrate rightly states that under FED.

R. Civ. P. 12(h)(1)[3] the four answering defendants "waived any potential defense based on insufficient service by filing initial pleadings without objecting to service of process."  *See* R&R at 2 n.2 (citing 5th and 6th Circuits).

**The Court also would rely on Fed. R. Civ. P. 12(b), How to Present Defenses.**  Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."  It goes on to provide, however, that "a party may assert the following defenses by motion:  * * *  (4) insufficient process; (5) insufficient service of process; . . . ."  *Id.*  In other words, "[t]he plain language of the . . . Rules . . . require a defendant to raise personal jurisdiction arguments either in an answer or by motion prior to it." *Wells Fargo Advisers, LLC v. Kolhoss*, 2013 WL 486977, *3 (D. Nev. Feb. 6, 2013) (citing Fed. R. Civ. P. 12(h)(1)) (n.1 omitted).  Rule 12(b) goes on to say that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  In other words, a motion to dismiss for insufficient service/process must be filed before an answer.  Applying 12(b) and 12(h)(1) together, "12(h)(1) provides that the defense is waived if not included in a *prior* motion to dismiss or in a responsive pleading.  Generally this means that the 21-day period for serving a responsive pleading provides the time limit for making a Rule 12(b)(5) motion." *Fenner v. John Umstead Hosp.*, 2014 WL 257274, *3 (M.D.N.C. Jan. 23, 2014) (citing Fed. R. Civ. P. 12(a)(1)(A)(I)).  Thus, if the answering defendants were not going to assert a service defense in their answers, they had to assert it in a pre-answer motion within 21 days after being served with the complaint.  They did not.

**In addition to the Report's persuasive authority from other circuits, the Court would note our own Circuit's decisions applying 12(h)(1) waiver.**  "This circuit has construed these provisions strictly, observing that '[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived.'" *Boston*

---

[3] Fed. R. Civ. P. 12(h)(1) provides that a party waives any defense listed in Rule 12(b)(2)-(5) by

(A)   omitting it from a motion in the circumstances described in Rule 12(g)(2); or
(B)   by failing to either:
    (i)   make it by motion under this Rule; or
    (ii)   include it a responsive pleading or an amendment allowed by Rule
        15(a)(1) as a matter of course.

*Telecomms. Group, Inc. v. Deloitte Touche Tohmatsu*, 249 F. App'x 534, 537 (9th Cir. 2007) (quoting *AANP v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000)) ("Under Rules 12(g) and 12(h), Wood waived his Rule 12(b)(2) defense by omitting it from his initial motion."); *see also Erhard v. Roberts*, 241 F. App'x 420, 422 (9th Cir. 2007) ("Robert waived his objection to the timeliness of Erhard's service of the adversary complaint because he failed to raise the issue by motion or include the defense in a responsive pleading.") (citing Rules 12(h)(1)(B) and 4(m), and collecting decisions holding that defense of untimely service under Rule 4(m) is subject to Rule 12's "raise-or-waive" provisions); *cf. Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002) ("Under Rule 12(h)(1), Froyer USA has waived any defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process, by failing to raise the defense in its first motion under Rule 12(b).").

<u>LEGAL STANDARD FOR PERSONAL JURISDICTION AND SERVICE OF PROCESS</u>

As the Magistrate notes, the Court does not have jurisdiction over a defendant unless the plaintiff has properly served him with the complaint and summons under Fed. R. Civ. P. 4.  *See* R&R at 5; *see also Travelers Cas. & Surety Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("*Brenneke*") (citations omitted).

**The Court would further notes that "[s]o long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service"**, *Brenneke*, 551 F.3d at 1135 (citing *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)); *see also Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'") (cites omitted); *see, e.g., Esget v. TCM Fin. Servs., LLC*, 2014 WL 258837, *4 (E.D. Cal. Jan. 23, 2014) ("Plaintiff has demonstrated due diligence in attempting to serve the . . . address.  Moreover, [his] evidence on defendant's actual notice of this lawsuit demonstrates that service was proper under Rule 4.").

Nonetheless, the Magistrate is right that our Circuit also holds that service must substantially comply with Rule 4 or else neither actual notice nor naming a defendant in the complaint will provide personal jurisdiction.  *See* R&R at 5; *see also Crowley*, 734 F.3d at 975 (cites omitted); *see, e.g., Little v. Eastern Dist. Police Station*, 2014 WL 271628, *3 (D. Md. Jan. 22, 2014) ("Service by certified mail, not designated for 'Restricted Delivery,' to an unauthorized agent at Defendant's workplace is not sufficient.  Accordingly, the plaintiff has not properly served the Defendants . . . .  Although a court may liberally construe Rule 4 to effectuate service when the service of process gives a defendant actual notice of the pending action, considering

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk _____Lk_____

the defendants' failure to respond, there is no indication that Defendants have actual notice of the suit against them.") (nn. 5 and 6 omitted).  "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."  *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) (citing, *inter alia*, *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404 (1987)).  There is no evidence in the record that any of the 12 non-appearing defendants has consented to personal jurisdiction or waived the lack of service.

**Next, the Report asserts that "a party's *pro se* status, by itself, is generally not considered sufficient to establish excusable neglect."  R&R at 7.  The Court declines to adopt that statement, for two reasons. First**, it implies that a party's *pro se* status might *sometimes* be sufficient by itself to establish excusable neglect, but the Magistrate has not identified any Supreme Court or Ninth Circuit holding or dictum to that effect, and this Court has located none.  **Second**, the only decision cited in seeming support on this point, a district-court decision, did not imply that pro se status alone could ever establish excusable neglect by itself; what it said was that "*while not individually dispositive* we take further note of plaintiff's pro se status, which in this court's opinion entitles him to a certain degree of leniency so as to ensure that his case is justly resolved on its merits . . . ."  *Poulakis*, 139 F.R.D. at 109 (emphasis added), *quoted by* R&R at 7-8.  Moreover, the only Ninth Circuit decision  in this paragraph, *Ghazali*, 46 F.3d at 54, was cited only for the proposition that although pleadings are construed liberally in favor of pro se litigants, "pro se litigants are bound by the rules of procedure."  *See* R&R at 7.  That citation tends, if anything, to undermine any notion that a litigant's *pro se* status standing alone can *ever* be enough to establish excusable neglect in the Rule 4(m) context or another context.  **Accordingly, the Court will decline to adopt page 7 line 22 through page 8 line 4 of the Magistrate's Report.**

**As to Bobby Williams, Melissa Williams, Sanchez, and Duarte**, the Court has little to add to the Magistrate's cogent analysis leading to the conclusion that the Court lacks jurisdiction over those unserved defendants.  As the Magistrate notes (R&R at 8-9), Rule 4(e) allows a plaintiff to effect service by (1) following state law for service of a summons in the state's courts of general jurisdiction, or (2)(A) delivering the complaint and summons to the individual personally, or (2)(B) leaving a copy at his dwelling or usual place of abode with

MINUTES FORM 90                                        Initials of Deputy Clerk    Lk
CIVIL - GEN

someone of suitable age and discretion who resides there, or (2)(C) delivering a copy to an agent authorized to receive service of process him.  Alternatively, Rule 4(d) authorizes service by first-class mail with a waiver-of-service form, if the party to be served voluntarily chooses to waive the service requirement, R&R at 9.  Plaintiffs have not alleged that they effected service on these defendants by the delivery methods set forth in Fed. R. Civ. P. 4(e)(2)(A) through (C), R&R at 12.  Nor have plaintiffs alleged that any of these defendants waived service and accepted the complaint and summons by first-class mail, R&R at 12.

      **Accordingly, the question is whether plaintiffs have established that they effected service on these defendants in compliance with California state law, as permitted by Fed. R. Civ. P. 4(e)(1), in this case "substituted service" in compliance with Cal. Code Civ. P. § 415.20.**  The Magistrate rightly concludes that they did not, because plaintiffs failed to do two things that are required by California law for substituted service. Plaintiffs mailed copies of the complaint and summons by certified mail to Bobby Williams, Melissa Williams, Sanchez, and Duarte, R&R at 11-12, but Cal. Code Civ. Pro. 415.20(b) requires a plaintiff to both make such a mailing *and* to simultaneously leave the documents at the defendant's home or with the person in charge at defendant's workplace, R&R at 13.  Because plaintiffs did not leave copies at these defendants' homes or with the persons in charge at their workplaces, the Magistrate is right (R&R at 13) that they did not effect substituted service on them.  That ends the inquiry as to service on these defendants.  It is unnecessary to determine whether plaintiffs complied with other requirements for substituted service.  The Court thus will not adopt the sentence beginning "In addition" on R&R page 13 line 7 and ending with the *Trustees* cite on page 13 line 12.

      **Next, plaintiffs' proofs of service state that they left copies at the LAPD Lakewood Station in the names of seven officers (Ferguson, Ladenheim, Seelhorst, Rudd, Santa Ana, Berringer, and Harper)** – which the Magistrate sensibly assumes *arguendo* was their proper business address, R&R at 14 n.9 – *and* mailed copies to each of them at that same address, *id.* at 13-14.  Under California case law, however, a plaintiff may attempt such substituted service under Cal. Code Civ. P. 415.20(b) only if he first exercised due diligence by making *several* attempts to *personally* serve the defendant.  *See* R&R at 14 (citing *Trustees*, 216 Cal. App.4th at 337); *see also Lebel v. Mai*, 201 Cal. App.4th 1154, 1164, 148 Cal. Rptr.3d 892, 900 (Cal. App. 2012) (citation omitted); *see, e.g., Bachmann v. Broadway Bank Fed. Bank, FSB*, 2013 WL 312433, *3 (Cal. App. Jan. 28, 2013) ("Broadway made six attempts to personally serve Bachmann at the Residence in Encino and, following

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk    __Lk__

that, left a copy of the summons and com plaint with a competent, over-18-year-old member of the household and mailed another copy . . . via first class mail to the same address. Thus, Broadway made a reasonably diligent effort to personally serve Bachmann and, following that, effectively served Bachmann by substituted service at the Residence."). "[T]he burden is on the plaintiff to show that the summons and complaint 'cannot with reasonable diligence be personally delivered' to the individual defendant'", *Zara*, 199 Cal. App.4th at 389, 131 Cal.Rptr.3d at 103 (citing, *inter alia*, *Evartt v. Superior Court*, 89 Cal. App.3d 795, 801, 152 Cal. Rptr. 836, 838 (Cal. App. 1979) ("if during substantial periods of time the defendant was available for personal service[,] the facts surrounding the attempts to serve the defendant must negative [sic] that any reasonable way existed to effectuate such service.") (cites omitted)), and plaintiffs have not carried that burden. Thus, the Magistrate is right to conclude that the Court lacks jurisdiction over those seven LAPD officers.

**As to the twelfth non-answering defendant, district attorney Gustalian**, there is nothing to add to the Magistrate's analysis, R&R at 15.

**Finally,** the Magistrate accurately notes that plaintiffs bear the burden of demonstrating good cause for their failure to effect service within the 120 days permitted by Rule 4(m). *See* R&R at 16; *see also Cuviello v. Expo*, 2013 WL 3931650, *5 (E.D. Cal. July 29, 2013) ("It is plaintiff's burden to demonstrate good cause.") (citing *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)). The Magistrate also accurately notes that "Plaintiffs have . . . not even attempted to show good cause or excusable neglect for their failure to properly serve Defendants." R&R at 16. The Court determines that this ends the inquiry and justifies dismissal of the complaint without prejudice as to these twelve unserved, non-appearing defendants. *See Monroe v. City of Tacoma*, 2014 WL 3452399, *4 (W.D. Wash. Jan. 30, 2014) ("[P]laintiff has not met his burden to demonstrate good cause for failure to timely serve."); *accord Flory v. US*, 79 F.3d 24, 25-26 (5th Cir. 1994) (affirming 12(b)(5) dismissal for insufficient service where plaintiff "did not make any attempt to show good cause for her failure").

**The Magistrate, however, goes on to opine that** "the record does not show that [plaintiffs'] failure to properly serve Defendants was excusable, much less that it was supported by good cause", R&R at 17. "'It is a well-recognized maxim that a court ought to avoid unnecessary decisions.'" *Geraurd v. Paramo*, CV No. 13-01119-VBF Doc. 14 at 4 (C.D. Cal. Dec. 30, 2013) (quoting *Touissant v. McCarthy*, 801 F.2d 1080, 1092 n.10 (9th Cir. 1986) ("Such decisions are dicta.")); *see also Herb v. Pitcairn*, 324 U.S. 117, 65 S. Ct. 459 (1945) ("We

MINUTES FORM 90                                   Initials of Deputy Clerk ____Lk____
CIVIL - GEN

are not permitted to render advisory opinions . . . ."); *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 808 n.14 (9th Cir. 2003) ("[F]ederal courts 'do not review issues . . . until they have to[.]'") (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 154-55, 71 S. Ct. 624 (1951) (Frankfurter, J., concurring)); *see, e.g., Augustine v. McDonald*, 770 F.2d 1442, 1444 n.2 (9th Cir. 1985) ("[W]e avoid decision of the collateral estoppel issue as unnecessary in light of our disposition of the immunity issue.").

   **Accordingly, the Court declines to adopt page 17 lines 1 through 22 of the R&R (through the *Briones* citation).**  The sole basis for the dismissal without prejudice of these twelve defendants is that plaintiffs have not carried their burden of showing that they properly served them within the 120 days allowed *and* have not *attempted* to carry their burden of showing that good cause or excusable neglect explain the failure to do so.

<u>ORDER</u>

**The Court declines to adopt the following portions of the Report and Recommendation [Doc #39]:**
–   Page 7 line 22 through page 8 line 4
–   The sentence beginning "In addition, even if they had" on R&R page 13 line 7 and ending with the *Trustees* citation on page 13 line 12
–   Page 17 lines 1 through 22, including the *Briones* citation

**The Report and Recommendation [Doc #39] is otherwise ADOPTED.**
The complaint is **DISMISSED without prejudice** as to these twelve defendants for lack of jurisdiction:

| | |
|---|---|
| Detective Esperanza Harper #288266 | Lieutenant Berringer |
| Special Assignment Officer Osvaldo Santa Ana | Melissa Williams |
| Detective Daniel Rudd #448711 | Bobby Williams |
| Sergeant Wilbert Seelhorst #248091 | Brenda Duarte |
| Captain Merrill Ladenheim | Tracy Gustalian |
| Officer M. Ferguson #516523 | Hector Sanchez |

IT IS SO ORDERED.

MINUTES FORM 90                                    Initials of Deputy Clerk    ___Lk___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.      LA CV 13-03116-VBF-SS          Dated:          February 11, 2014

Title:      ***Anthony W. Rector and Tammy Thomas v. Los Angeles County Sheriff John***
***L. Scott[1], L.A. County Sheriff's Office, Officer Morga, and Special***
***Assignment Officer Dennis Elmore, Defendants[2]***

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

              Linda Kanter                                 N/A
              Courtroom Deputy                             Court Reporter

ATTORNEYS PRESENT FOR APPELLANT          ATTORNEYS PRESENT FOR APPELLEES

_____

[1]

    Lee Baca retired as L.A. County Sheriff effective January 31, 2014.  *See* Faturechi, Leonard & Mather,
"Sheriff Lee Baca to Retire at End of Month" (L.A. Times, Jan. 7, 2014), available at
http://www.latimes.com/local/lanow/la-me-ln-baca-20140107,0,2601673.story#axzz2sTdsdTnZ, *retrieved* Feb.
5, 2014.  John L. Scott is now the interim sheriff.  *See* Sewell & Faturechi, "New L.A. County Interim Sheriff
Vows to Continue Department Reforms" (L.A. Times, Jan. 28, 2014),*retrieved* Feb. 5, 2014 at
http://www.latimes.com/local/lanow/la-me-ln-baca-20140107,0,2601673.story#axzz2sTdsdTnZ.

    Accordingly, the Court has substituted Scott for Baca.  *See Mockler v. Multnomah County*, 140 F.3d 808,
811 n.2 (9th Cir. 1998) ("After Sheriff Skipper retired, Deputy Mockler substituted . . . the new Sheriff, in her
suit under Rule 25 of the Federal Rules of Civil Procedure, which provides: 'when a public officer is a party to
an action in an official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the
action does not abate and the party's successor is automatically substituted as a party.'").

[2]

    The case started with 17 defendants.  On December 30, 2013, the Court dismissed the complaint as to
Lyle Mackenzie in his capacity as a judge, on the ground of absolute judicial immunity.  Today's disposition
dismisses twelve defendants for lack of jurisdiction.  This leaves four defendants:  the L.A. County Sheriff and
L.A. County Sheriff's Office (joint answer, Doc 21) and officers Morga and Elmore (joint answer, Doc 25).

MINUTES FORM 90                           Initials of Deputy Clerk    __Lk__
CIVIL - GEN

|  |  |
|---|---|
| N/A | N/A |

**PROCEEDINGS (IN CHAMBERS):   ORDER**

(1)   Adopting the R&R in Part;
(2)   Declining to Adopt the R&R in Part;
(3)   Dismissing 12 Unserved Defendants Without Prejudice for Lack of Jurisdiction

This is a civil-rights action under 42 U.S.C. § 1983.  Of the sixteen remaining defendants, four have filed an answer and the other twelve have not filed anything or noticed an appearance in the case.  The Magistrate Judge has issued a well-reasoned Report & Recommendation ("R&R") recommending that the complaint be dismissed as to twelve defendants for lack of personal jurisdiction due to plaintiffs' failure to show valid service of process.  Objections were due on January 10, 2014, and none were filed.  For reasons that follow, the Court will dismiss the twelve non-answering defendants as recommended.  The Court will decline to adopt three portions of the R&R:  page 7 line 22 through page 8 line 4 (comment about *pro se* status as possible basis for finding of excusable neglect); the sentence beginning with "In addition, even if they had" on R&R page 13 line 7 and ending with the *Board of Trustees* citation on page 13 line 12 (after determining that plaintiffs failed to satisfy one requirement for California substituted service, discussion of whether plaintiffs satisfied other requirements of such service); page 17 lines 1 through 22 (dictum as to whether the plaintiffs might have been able to demonstrate good cause or excusable neglect if they had tried to do so).  As to the four answering defendants, the Court will demonstrate that Fed. R. Civ. P. 12(b), not only Fed. R. Civ. P. 12(h)(1), leads to the determination that they have waived any insufficient-service or insufficient-process defense they might have had.

ANALYSIS:  THE FOUR ANSWERING DEFENDANTS HAVE WAIVED ANY SERVICE DEFENSE

Plaintiffs filed the complaint in May 2013, served some of the defendants in June 2013, and four defendants  filed answers in July 2013.  As the Magistrate notes, plaintiffs have filed proofs of service for only three of the four answering defendants (the L.A. County Sheriff's Department, the L.A. County sheriff, and Elmore), not the fourth (Morga).  Nonetheless, the Magistrate is right that neither Morga nor the other answering defendants can assert that service was deficient.  The Court differs from the Magistrate in one respect, however, as to the rationale for finding waiver of service-based defenses.  The Magistrate rightly states that under FED.

R. Civ. P. 12(h)(1)[3] the four answering defendants "waived any potential defense based on insufficient service by filing initial pleadings without objecting to service of process."  *See* R&R at 2 n.2 (citing 5th and 6th Circuits).

 **The Court also would rely on Fed. R. Civ. P. 12(b), How to Present Defenses.**  Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."  It goes on to provide, however, that "a party may assert the following defenses by motion:  * * *  (4) insufficient process; (5) insufficient service of process; . . . ."  *Id.*  In other words, "[t]he plain language of the . . . Rules . . . require a defendant to raise personal jurisdiction arguments either in an answer or by motion prior to it."  *Wells Fargo Advisers, LLC v. Kolhoss*, 2013 WL 486977, *3 (D. Nev. Feb. 6, 2013) (citing Fed. R. Civ. P. 12(h)(1)) (n.1 omitted).  Rule 12(b) goes on to say that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  In other words, a motion to dismiss for insufficient service/process must be filed before an answer.  Applying 12(b) and 12(h)(1) together, "12(h)(1) provides that the defense is waived if not included in a *prior* motion to dismiss or in a responsive pleading.  Generally this means that the 21-day period for serving a responsive pleading provides the time limit for making a Rule 12(b)(5) motion."  *Fenner v. John Umstead Hosp.*, 2014 WL 257274, *3 (M.D.N.C. Jan. 23, 2014) (citing Fed. R. Civ. P. 12(a)(1)(A)(I)).  Thus, if the answering defendants were not going to assert a service defense in their answers, they had to assert it in a pre-answer motion within 21 days after being served with the complaint.  They did not.

 **In addition to the Report's persuasive authority from other circuits, the Court would note our own Circuit's decisions applying 12(h)(1) waiver.**  "This circuit has construed these provisions strictly, observing that '[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived.'"  *Boston*

---

[3]Fed. R. Civ. P. 12(h)(1) provides that a party waives any defense listed in Rule 12(b)(2)-(5) by

 (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
 (B) by failing to either:
   (i) make it by motion under this Rule; or
   (ii) include it a responsive pleading or an amendment allowed by Rule
     15(a)(1) as a matter of course.

MINUTES FORM 90          Initials of Deputy Clerk <u> Lk </u>
CIVIL - GEN

*Telecomms. Group, Inc. v. Deloitte Touche Tohmatsu*, 249 F. App'x 534, 537 (9th Cir. 2007) (quoting *AANP v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000)) ("Under Rules 12(g) and 12(h), Wood waived his Rule 12(b)(2) defense by omitting it from his initial motion."); *see also Erhard v. Roberts*, 241 F. App'x 420, 422 (9th Cir. 2007) ("Robert waived his objection to the timeliness of Erhard's service of the adversary complaint because he failed to raise the issue by motion or include the defense in a responsive pleading.") (citing Rules 12(h)(1)(B) and 4(m), and collecting decisions holding that defense of untimely service under Rule 4(m) is subject to Rule 12's "raise-or-waive" provisions); *cf. Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002) ("Under Rule 12(h)(1), Froyer USA has waived any defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process, by failing to raise the defense in its first motion under Rule 12(b).").

<u>LEGAL STANDARD FOR PERSONAL JURISDICTION AND SERVICE OF PROCESS</u>

As the Magistrate notes, the Court does not have jurisdiction over a defendant unless the plaintiff has properly served him with the complaint and summons under Fed. R. Civ. P. 4. *See* R&R at 5; *see also Travelers Cas. & Surety Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("*Brenneke*") (citations omitted).

**The Court would further notes that "[s]o long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service"**, *Brenneke*, 551 F.3d at 1135 (citing *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)); *see also Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'") (cites omitted); *see, e.g., Esget v. TCM Fin. Servs., LLC*, 2014 WL 258837, *4 (E.D. Cal. Jan. 23, 2014) ("Plaintiff has demonstrated due diligence in attempting to serve the . . . address. Moreover, [his] evidence on defendant's actual notice of this lawsuit demonstrates that service was proper under Rule 4.").

Nonetheless, the Magistrate is right that our Circuit also holds that service must substantially comply with Rule 4 or else neither actual notice nor naming a defendant in the complaint will provide personal jurisdiction. *See* R&R at 5; *see also Crowley*, 734 F.3d at 975 (cites omitted); *see, e.g., Little v. Eastern Dist. Police Station*, 2014 WL 271628, *3 (D. Md. Jan. 22, 2014) ("Service by certified mail, not designated for 'Restricted Delivery,' to an unauthorized agent at Defendant's workplace is not sufficient. Accordingly, the plaintiff has not properly served the Defendants . . . . Although a court may liberally construe Rule 4 to effectuate service when the service of process gives a defendant actual notice of the pending action, considering

MINUTES FORM 90                                      Initials of Deputy Clerk ___Lk___
CIVIL - GEN

-4-

the defendants' failure to respond, there is no indication that Defendants have actual notice of the suit against them.") (nn. 5 and 6 omitted).  "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."  *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) (citing, *inter alia*, *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404 (1987)).  There is no evidence in the record that any of the 12 non-appearing defendants has consented to personal jurisdiction or waived the lack of service.

       **Next, the Report asserts that "a party's *pro se* status, by itself, is generally not considered sufficient to establish excusable neglect."  R&R at 7.  The Court declines to adopt that statement, for two reasons. First**, it implies that a party's *pro se* status might *sometimes* be sufficient by itself to establish excusable neglect, but the Magistrate has not identified any Supreme Court or Ninth Circuit holding or dictum to that effect, and this Court has located none.  **Second**, the only decision cited in seeming support on this point, a district-court decision, did not imply that pro se status alone could ever establish excusable neglect by itself; what it said was that "*while not individually dispositive* we take further note of plaintiff's pro se status, which in this court's opinion entitles him to a certain degree of leniency so as to ensure that his case is justly resolved on its merits . . . ."  *Poulakis*, 139 F.R.D. at 109 (emphasis added), *quoted by* R&R at 7-8.  Moreover, the only Ninth Circuit decision  in this paragraph, *Ghazali*, 46 F.3d at 54, was cited only for the proposition that although pleadings are construed liberally in favor of pro se litigants, "pro se litigants are bound by the rules of procedure."  *See* R&R at 7.  That citation tends, if anything, to undermine any notion that a litigant's *pro se* status standing alone can *ever* be enough to establish excusable neglect in the Rule 4(m) context or another context.  **Accordingly, the Court will decline to adopt page 7 line 22 through page 8 line 4 of the Magistrate's Report.**

       **As to Bobby Williams, Melissa Williams, Sanchez, and Duarte**, the Court has little to add to the Magistrate's cogent analysis leading to the conclusion that the Court lacks jurisdiction over those unserved defendants.  As the Magistrate notes (R&R at 8-9), Rule 4(e) allows a plaintiff to effect service by (1) following state law for service of a summons in the state's courts of general jurisdiction, or (2)(A) delivering the complaint and summons to the individual personally, or (2)(B) leaving a copy at his dwelling or usual place of abode with

MINUTES FORM 90                             Initials of Deputy Clerk     Lk    
CIVIL - GEN

someone of suitable age and discretion who resides there, or (2)(C) delivering a copy to an agent authorized to receive service of process him.  Alternatively, Rule 4(d) authorizes service by first-class mail with a waiver-of-service form, if the party to be served voluntarily chooses to waive the service requirement, R&R at 9.  Plaintiffs have not alleged that they effected service on these defendants by the delivery methods set forth in Fed. R. Civ. P. 4(e)(2)(A) through (C), R&R at 12.  Nor have plaintiffs alleged that any of these defendants waived service and accepted the complaint and summons by first-class mail, R&R at 12.

      **Accordingly, the question is whether plaintiffs have established that they effected service on these defendants in compliance with California state law, as permitted by Fed. R. Civ. P. 4(e)(1), in this case "substituted service" in compliance with Cal. Code Civ. P. § 415.20.**  The Magistrate rightly concludes that they did not, because plaintiffs failed to do two things that are required by California law for substituted service. Plaintiffs mailed copies of the complaint and summons by certified mail to Bobby Williams, Melissa Williams, Sanchez, and Duarte, R&R at 11-12, but Cal. Code Civ. Pro. 415.20(b) requires a plaintiff to both make such a mailing *and* to simultaneously leave the documents at the defendant's home or with the person in charge at defendant's workplace, R&R at 13.  Because plaintiffs did not leave copies at these defendants' homes or with the persons in charge at their workplaces, the Magistrate is right (R&R at 13) that they did not effect substituted service on them.  That ends the inquiry as to service on these defendants.  It is unnecessary to determine whether plaintiffs complied with other requirements for substituted service.  The Court thus will not adopt the sentence beginning "In addition" on R&R page 13 line 7 and ending with the *Trustees* cite on page 13 line 12.

      **Next, plaintiffs' proofs of service state that they left copies at the LAPD Lakewood Station in the names of seven officers (Ferguson, Ladenheim, Seelhorst, Rudd, Santa Ana, Berringer, and Harper)** – which the Magistrate sensibly assumes *arguendo* was their proper business address, R&R at 14 n.9 – *and* mailed copies to each of them at that same address, *id.* at 13-14.  Under California case law, however, a plaintiff may attempt such substituted service under Cal. Code Civ. P. 415.20(b) only if he first exercised due diligence by making *several* attempts to *personally* serve the defendant.  *See* R&R at 14 (citing *Trustees*, 216 Cal. App.4th at 337); *see also Lebel v. Mai*, 201 Cal. App.4th 1154, 1164, 148 Cal. Rptr.3d 892, 900 (Cal. App. 2012) (citation omitted); *see, e.g., Bachmann v. Broadway Bank Fed. Bank, FSB*, 2013 WL 312433, *3 (Cal. App. Jan. 28, 2013) ("Broadway made six attempts to personally serve Bachmann at the Residence in Encino and, following

MINUTES FORM 90                           Initials of Deputy Clerk    __Lk__
CIVIL - GEN

that, left a copy of the summons and com plaint with a competent, over-18-year-old member of the household and mailed another copy . . . via first class mail to the same address.  Thus, Broadway made a reasonably diligent effort to personally serve Bachmann and, following that, effectively served Bachmann by substituted service at the Residence.").  "[T]he burden is on the plaintiff to show that the summons and complaint 'cannot with reasonable diligence be personally delivered' to the individual defendant'", *Zara*, 199 Cal. App.4th at 389, 131 Cal.Rptr.3d at 103 (citing, *inter alia*, *Evartt v. Superior Court*, 89 Cal. App.3d 795, 801, 152 Cal. Rptr. 836, 838 (Cal. App. 1979) ("if during substantial periods of time the defendant was available for personal service[,] the facts surrounding the attempts to serve the defendant must negative [sic] that any reasonable way existed to effectuate such service.") (cites omitted)), and plaintiffs have not carried that burden.  Thus, the Magistrate is right to conclude that the Court lacks jurisdiction over those seven LAPD officers.

**As to the twelfth non-answering defendant, district attorney Gustalian**, there is nothing to add to the Magistrate's analysis, R&R at 15.

**Finally,** the Magistrate accurately notes that plaintiffs bear the burden of demonstrating good cause for their failure to effect service within the 120 days permitted by Rule 4(m).  *See* R&R at 16; *see also Cuviello v. Expo*, 2013 WL 3931650, *5 (E.D. Cal. July 29, 2013) ("It is plaintiff's burden to demonstrate good cause.") (citing *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)).  The Magistrate also accurately notes that "Plaintiffs have . . . not even attempted to show good cause or excusable neglect for their failure to properly serve Defendants." R&R at 16.  The Court determines that this ends the inquiry and justifies dismissal of the complaint without prejudice as to these twelve unserved, non-appearing defendants.  *See Monroe v. City of Tacoma*, 2014 WL 3452399, *4 (W.D. Wash. Jan. 30, 2014) ("[P]laintiff has not met his burden to demonstrate good cause for failure to timely serve."); *accord Flory v. US*, 79 F.3d 24, 25-26 (5th Cir. 1994) (affirming 12(b)(5) dismissal for insufficient service where plaintiff "did not make any attempt to show good cause for her failure").

**The Magistrate, however, goes on to opine that** "the record does not show that [plaintiffs'] failure to properly serve Defendants was excusable, much less that it was supported by good cause", R&R at 17.  "'It is a well-recognized maxim that a court ought to avoid unnecessary decisions.'"  *Geraurd v. Paramo*, CV No. 13-01119-VBF Doc. 14 at 4 (C.D. Cal. Dec. 30, 2013) (quoting *Touissant v. McCarthy*, 801 F.2d 1080, 1092 n.10 (9th Cir. 1986) ("Such decisions are dicta.")); *see also Herb v. Pitcairn*, 324 U.S. 117, 65 S. Ct. 459 (1945) ("We

are not permitted to render advisory opinions . . . ."); *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 808 n.14 (9th Cir. 2003) ("[F]ederal courts 'do not review issues . . . until they have to[.]'") (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 154-55, 71 S. Ct. 624 (1951) (Frankfurter, J., concurring)); *see, e.g., Augustine v. McDonald*, 770 F.2d 1442, 1444 n.2 (9th Cir. 1985) ("[W]e avoid decision of the collateral estoppel issue as unnecessary in light of our disposition of the immunity issue.").

**Accordingly, the Court declines to adopt page 17 lines 1 through 22 of the R&R (through the** *Briones* **citation).** The sole basis for the dismissal without prejudice of these twelve defendants is that plaintiffs have not carried their burden of showing that they properly served them within the 120 days allowed *and* have not *attempted* to carry their burden of showing that good cause or excusable neglect explain the failure to do so.

<u>ORDER</u>

**The Court declines to adopt the following portions of the Report and Recommendation [Doc #39]:**
–      Page 7 line 22 through page 8 line 4
–      The sentence beginning "In addition, even if they had" on R&R page 13 line 7 and ending with the *Trustees* citation on page 13 line 12
–      Page 17 lines 1 through 22, including the *Briones* citation

**The Report and Recommendation [Doc #39] is otherwise ADOPTED.**
The complaint is **DISMISSED without prejudice** as to these twelve defendants for lack of jurisdiction:

| | |
|---|---|
| Detective Esperanza Harper #288266 | Lieutenant Berringer |
| Special Assignment Officer Osvaldo Santa Ana | Melissa Williams |
| Detective Daniel Rudd #448711 | Bobby Williams |
| Sergeant Wilbert Seelhorst #248091 | Brenda Duarte |
| Captain Merrill Ladenheim | Tracy Gustalian |
| Officer M. Ferguson #516523 | Hector Sanchez |

IT IS SO ORDERED.